Brad D. Rose
Dyan Finguerra-DuCharme
Ryan S. Klarberg
PRYOR CASHMAN LLP
7 Times Square
New York, New York 10036
Tel: (212) 421-4100
*Attorneys for Plaintiff Spray Moret, LLC*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SPRAY MORET, LLC,<br><br>                              Plaintiff,<br><br>                - against -<br><br>THE KAYO CORP. d/b/a DGK, FROM NOTHING,<br>LLC, JOHN DOES 1-10, and XYZ COMPANIES 1-10,<br><br>                              Defendants. | Civil Action No.<br><br>**COMPLAINT**<br><br><u>**DEMAND FOR JURY TRIAL**</u> |

Plaintiff Spray Moret, LLC ("Spray Moret" or "Spray Moret"), by its attorneys Pryor
Cashman LLP, alleges as follows against Defendants The Kayo Corp. d/b/a DGK, From Nothing
LLC, John Does 1-10, and XYZ Companies 1-10 (collectively, "Defendants"):

## <u>NATURE OF ACTION</u>

1.       This is an action for willful copyright infringement, trademark infringement, and
unfair competition, among other statutory and common law violations.  Defendants have
willfully traded upon the goodwill and notoriety of Spray Moret, the owner of the world-
renowned apparel, bags, and accessories brand SPRAYGROUND, by selling unauthorized
skateboards bearing Spray Moret's distinctive shark mouth design, depicted below, which is
federally registered with both the U.S. Patent and Trademark Office ("USPTO") and U.S.
Copyright Office:



(the "Shark Mouth Design").

2.     In particular, Defendants offer for sale and sell the unauthorized skateboards depicted below that brazenly display two designs that copy Spray Moret's Shark Mouth Design:





*Examples of Defendants' Infringing Skateboards*

3.      Upon information and belief, Defendants intentionally copied the Shark Mouth Design to falsely designate Spray Moret as the source of Defendants' products and/or to falsely associate Spray Moret and its SPRAYGROUND brand with these unauthorized products.

4.      Having ignored pre-litigation demand letters, Defendants continue to sell and market unauthorized products bearing the Shark Mouth Design at Defendants' online store located at <dgkallday.com> and through third-party retailers, including retailers that also sell Spray Moret's products bearing the Shark Mouth Design.

5.      Defendants' actions have caused and are causing immediate and irreparable harm to Spray Moret.  To redress the harm that the Defendants are causing to Spray Moret and to the public, Spray Moret brings claims for copyright infringement under the United States Copyright Act of 1976, as amended (the "Copyright Act"), 17 U.S.C. § 101 *et seq.*, trademark infringement under Section 32(1) of the United States Trademark Act of 1946, as amended (the "Lanham Act"), 15 U.S.C. § 1114(1); unfair competition and false endorsement under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); and related claims under New York's statutory and common

law. Spray Moret seeks injunctive and monetary relief on account of Defendants' egregious, willful and wanton activities, including exemplary damages, attorneys' fees and costs.

## PARTIES

6.      Plaintiff Spray Moret, LLC is a limited liability company duly organized and existing pursuant to the laws of the State of New York with its principal place of business located at 1411 Broadway, 8th Floor, New York, New York 10018.

7.      Upon information and belief, defendant The Kayo Corp. is a corporation duly organized and existing pursuant to the laws of the State of California with its principal place of business at 6351 Yarrow Drive, Suite D, Carlsbad, California 92011.

8.      Upon information and belief, defendant From Nothing, LLC is a limited liability company duly organized and existing pursuant to the laws of the State of Delaware with its principal place of business at 6153 Yarrow Drive, Suite E, Carlsbad, California 92010.

9.      Upon information and belief, defendants John Does 1-10 are individuals and/or entities that are not presently known, and the Complaint herein will be amended to include the name or names of these individuals or entities when such information becomes available.

10.      Upon information and belief, Defendants identified as XYZ Companies 1-10, have, through their agents, servants and employees, acted for, in concert with, through, over or under the named Defendants, and are subject to the jurisdiction of this Court.  The identities of the various XYZ Companies are not presently known, and the Complaint herein will be amended to include the name or names of these companies when such information becomes available.

## JURISDICTION AND VENUE

11.     Jurisdiction is proper in this Court pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1125, 1331, 1338(a) & (b) and 1367, because the action involves claims arising under the U.S. Copyright Act, the Lanham Act, and related state law claims.

12.     This Court has personal jurisdiction over Defendants because, upon information and belief, Defendants are doing business in New York, have contracted to supply goods in New York, the claims at issue arise out of their transaction of business and/or supplying goods directed to consumers residing in New York, and/or Defendants have committed infringing acts outside of New York causing injury to Spray Moret in New York and/or Defendants regularly do or solicit business in New York and/or derive substantial revenue from goods used in New York and/or expect or reasonably should expect their infringing conduct to have consequences in New York and derive substantial revenue from interstate commerce.  These activities fall within the long-arm statute of the State of New York, CPLR §§ 301 and 302(a).

13.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the Defendants are transacting business and committing tortious acts within the State of New York and this district, and a substantial part of the events or omissions giving rise to the claims occurred in this district.

## FACTS

### I. Spray Moret and Its Shark Mouth Design Copyrights and Trademarks

14.     Spray Moret is the owner of the world-renowned and critically-acclaimed brand SPRAYGROUND, established in 2010, that specializes in, among other things, luggage, backpacks and duffel bags, outerwear, cold weather accessories, fashion keychains, mobile device accessories, and skateboards.

15.    SPRAYGROUND is a global brand that has high brand awareness and a dedicated fanbase that will go to extreme measures to get their hands on its highly sought after limited products bearing the Shark Mouth Design.

16.    Spray Moret's thought-provoking, innovative, and dynamic products offered under the SPRAYGROUND brand are easily identifiable because they commonly bear the Shark Mouth Design.

17.    Since at least as early as January 2012, the SPRAYGROUND brand has sold a wide variety of products bearing the distinctive Shark Mouth Design, including, but not limited to, clothing, bags, luggage, and face masks.

18.    Spray Moret has spent significant resources and money promoting, marketing, and advertising backpacks, accessories and other merchandise bearing the Shark Mouth Design.

19.    Beginning in 2012, Spray Moret expanded international distribution of merchandise bearing the Shark Mouth Design, eventually reaching at least 30 countries, including many in Asia, Europe, and South America.

20.    The SPRAYGROUND brand and its Shark Mouth Design have been featured in a number of national and international publications, including but not limited to, *The New York Times*, *Forbes*, and *Los Angeles Times*.  Attached hereto as **Exhibit A** are true and correct copies of unsolicited media coverage featuring the SPRAYGROUND brand and the Shark Mouth Design.

21.    Among its intellectual property, Spray Moret owns rights around the world, including in the United States, for the Shark Mouth Design including federally registered copyrights and trademarks.

22.     Spray Moret is the owner of valid and subsisting U.S. Copyright Registration No. VA0002152578, for the Shark Mouth Design, depicted below, in a work entitled "Sprayground Full Shark Mouth," issued by the U.S. Copyright Office on October 19, 2018:



Attached hereto as **Exhibit B** is a true and correct copy of the registration certificate for U.S. Copyright Registration No. VA0002152578.

23.     Spray Moret is the owner of valid and subsisting U.S. Copyright Registration No. VAU1062142, covering the work depicted below, in a work entitled "SPRAYGROUND SPRING/SUMMER COLLECTION 2011," issued by the U.S. Copyright Office on April 1, 2011:



(the "SPRAYGROUND SPRING/SUMMER COLLECTION 2011 Shark Mouth Design"). Attached hereto as **Exhibit C** is a true and correct copy of the registration certificate for U.S. Copyright Registration No. VAU1062142.

24.     Spray Moret is the owner of valid and subsisting U.S. Copyright Registration No. VA2124144, covering the work depicted below, in a work entitled "Sharks In Paris," issued by the U.S. Copyright Office on October 27, 2018:



SHARKS IN PARIS: CURRENT PATTERN AND COLORS

(the "Sharks In Paris Shark Mouth Design").  Attached hereto as **Exhibit D** is a true and correct

copy of the registration certificate for U.S. Copyright Registration No. VA2124144.

25.    Spray Moret is the owner of valid and subsisting U.S. Copyright Registration No.

VAU1337331, covering the works depicted below, in a work entitled "Back to school 2018 part

2," issued by the U.S. Copyright Office on June 6, 2018:



















910B1636NSZ
ANGLED GHOST SHARK



910B1701NSZ
BLACK DOUBLE CARGO SIDE SHARK



910B1700NSZ
CAMO DOUBLE CARGO SIDE SHARK



910B1699NSZ
RED DOUBLE CARGO SIDE SHARK

(the "Back to School 2018 Part 2 Shark Mouth Designs"). Attached hereto as **Exhibit E** is a true and correct copy of the registration certificate for U.S. Copyright Registration No. VAU1337331.

26.    Spray Moret is the owner of valid and subsisting U.S. Copyright Registration No. VA1859696, covering the works depicted below, in a work entitled "Sprayground Summer 2013 Collection," issued by the U.S. Copyright Office on February 28, 2013:





(the "Sprayground Summer 2013 Collection Shark Mouth Designs"; all iterations of Spray Moret's shark mouth design are collectively referred to herein as the "Shark Mouth Design"). Attached hereto as **Exhibit F** is a true and correct copy of the registration certificate for U.S. Copyright Registration No. VA1859696.

27.    In addition to the strong, nationwide common law trademark rights Spray Moret has developed in the Shark Mouth Design through the continuous use of that mark since at least as early as 2012, Spray Moret owns the following U.S. trademark registrations for the Shark Mouth Design for use in connection with a wide variety of goods and services:

| Mark | U.S. Trademark Reg. No. / Serial No. | Goods |
|---|---|---|
|  | Reg. No. 4,781,961 | Class 18: carry-all bags, backpacks, duffel bags, tote bags, shoulder bags, wallets and hand bags |
|  | Reg. No. 5,536,183 | Class 25: outerwear in the nature of jackets |
|  | Serial No. 88/578,391 | Class 25: undergarments |
|  | Reg. No. 5,787,975 | Class 14: key chains |

| | | |
|---|---|---|
|  | Reg. No. 5,787,974 | Class 25: bottoms as clothing; footwear; headwear; hosiery; loungewear; sweaters; tops as clothing; underwear; jackets; jerseys |
|  | Serial No. 88/455,244 | Class 14: jewelry |
|  | Reg. No. 5,786,776 | Class 18: backpacks; carry-all bags; duffel bags; shoulder bags; tote bags |

28.     Attached hereto as **<u>Exhibit G</u>** are true and correct copies of Spray Moret's registration certificates for the trademark registrations identified in the preceding paragraph.

29.     Spray Moret's SPRAYGROUND products bearing the Shark Mouth Design are sold through on-line retail channels, including its website located at <sprayground.com>, in brick-and-mortar stores in every state in the United States, including at Spray Moret's pop-up retail stores such as its pop-up store in Times Square, and through third-party retailers, including Zumiez.

30.     Among the wide range of products sold under the SPRAYGROUND brand, Spray Moret has offered for sale products targeted to the skateboard community, including both skateboards and backpacks that feature unique straps for securing a skateboard to the bag.

31.     Spray Moret has had robust licensing programs and partnerships with third parties to sell SPRAYGROUND branded bags, apparel, and accessories.

32.    Spray Moret has worked with groundbreaking designers and artists and has collaborated with well-known entertainers, athletes, and global brands including Pokémon, Star Wars, Mattel, Marvel, Fortnite, Xbox, Nickelodeon (including SpongeBob), The Simpsons, Looney Tunes, Powerpuff Girls, Jurassic Park, Rick and Morty, Street Fighter, Mortal Kombat, Monopoly, Dragon Ball Z, DC Comics, Trolls, Spalding, and Sesame Street, as well as several college universities, Major League Baseball teams, and the National Basketball Association– all of whom have helped continue to define Spray Moret's unique identity and attitude.

33.    For example, Spray Moret has offered for sale collaborative skateboard decks and backpacks in partnership with the Pokémon brand, including a skateboard featuring the outline of the Shark Mouth Design and a backpack featuring the Shark Mouth Design, depicted below:





34.    The SPRAYGROUND brand is focused on creating, designing, and selling edgy and innovative trendsetting products to a streetwear, fashion, and lifestyle market, including consumers engaged in skateboard culture.

35.    Through Spray Moret's substantial investment in the marketing and promotion of its products bearing the Shark Mouth Design, the SPRAYGROUND brand has become well-known for its high quality, style, and authenticity.

36.    Spray Moret advertises and promotes SPRAYGROUND merchandise bearing the Shark Mouth Design extensively through websites, magazines, and social media platforms such as Facebook, Instagram, and Twitter, among other platforms.

37.     Spray Moret displays copyright and trademark notices indicating that Spray Moret is the owner of all rights in the Shark Mouth Design.

38.    Over the course of virtually a decade, the Shark Mouth Design has become well known both nationally and internationally, and the Shark Mouth Design serves to identify Spray Moret as the sole source of high-quality goods bearing the Shark Mouth Design.

39.    Spray Moret has achieved a prominent position in the streetwear, bags, and accessories industry, attributable to the high quality of and significant demand for products sold bearing its Shark Mouth Design.

40.    Spray Moret enjoys an extensive and diverse worldwide customer base for products bearing its Shark Mouth Design.

41.    The strength of the Shark Mouth Design is reflected in the exponential sales growth of bags, clothing, accessories, and other products bearing the Shark Mouth Design.  As a result of the popularity of the Shark Mouth Design, Spray Moret's SPRAYGROUND brand has

become one of the most coveted brands in the bags, streetwear, and accessories industry and the consuming public at large.

42.    Spray Moret's SPRAYGROUND brand and products bearing the Shark Mouth Design have been featured in prominent magazines and newspapers, and celebrities are regularly photographed wearing products bearing the Shark Mouth Design, which enhances the brand's popularity and appeal to the general public.

43.    The goodwill associated with the Shark Mouth Design is an unquantifiable commercial asset.  By virtue of the wide renown acquired by the Shark Mouth Design, combined with the extensive sales and marketing of products bearing the Shark Mouth Design, the Shark Mouth Design has acquired secondary meaning in the mind of the purchasing public.

44.    To maintain the strength of its Shark Mouth Design, Spray Moret vigilantly protects and enforces this intellectual property on a worldwide basis.

## II.    Defendants and Their Infringing Activities

45.    Upon information and belief, Defendants are the owners of, and distributors for, skateboard, apparel, bags, and accessories brands, including, but not limited to, the brand DGK.

46.    Upon information and belief, Defendants have manufactured and sold and/or caused to be manufactured and/or sold skateboards bearing shark mouth designs that are substantially similar to Spray Moret's Shark Mouth Design (the "Infringing Goods").

47.    DGK sells clothing, bags, and accessories, such as the Infringing Goods, online, including, but not limited to, on the website located at <dgkallday.com> (the "Defendants' Website"), and in retail outlets throughout the United States, including the third-party retailer Zumiez.

48.    Defendants have distributed and sold the Infringing Goods to the general consuming public.

49.    Upon information and belief, defendant The Kayo Corp. is the registrant and owner of the domain name <dgkallday.com>, and Defendants operate the retail website located at the domain name <dgkallday.com> ("Defendants' Website").

50.    Upon information and belief, Defendants offer for sale and sell the Infringing Goods at Defendants' Website.

51.    Attached hereto as **<u>Exhibit H</u>** are true and correct printouts from Defendants' Website displaying Defendants' Infringing Goods for sale.

52.    Upon information and belief, Defendants promote the Infringing Goods online via social media, including, but not limited to, on DGK's Instagram page, located at <instagram.com/DGK>, Facebook page, located at <facebook.com/DGK>, and Twitter page, located at <twitter.com/DGK>.

53.    Upon information and belief, both Plaintiff's goods bearing the Shark Mouth Design and Defendants' Infringing Goods are sold through the same channels of trade, including, but not limited to, the third-party retailer Zumiez.

54.    The shark mouth design depicted on the Infringing Goods is substantially similar to the Shark Mouth Design, as shown in the below comparison:



| *Examples of Plaintiff's Products Bearing the Shark Mouth Design* | *Example of Defendants' Infringing Goods* |

55.     The shark mouth design on the Infringing Goods includes substantially similar features as the Shark Mouth Design including, but not limited to, (i) a similar number of pointed white teeth on the top and bottom of the mouth (both designs include 14 white teeth on the bottom of the mouth); (ii) a unique, wavy design on the bottom portion of the mouth that consists of three separate upward waves; (iii) a unique, wavy red tongue that consists of three separate upward waves; (iv) a unique black portion of the mouth located between the top row of teeth and the tongue; and (v) a thick black outline around the entire mouth.  Given these similarities, the shark mouth design on the Infringing Goods is substantially similar to and virtually indistinguishable from Spray Moret's Shark Mouth Design.

56.     Plaintiff commonly displays the Shark Mouth Design on top of a camouflage print background on its products, while Defendants similarly display a substantially similar shark mouth design on top of a camouflage print background on the Infringing Goods, further increasing the likelihood of confusion as to the source of Defendants' Infringing Goods.

57.     Since Defendants copied the Shark Mouth Design to create the Infringing Goods, Defendants have sold and exploited the Infringing Goods throughout the United States. Defendants continue to engage in infringing activities including offering for sale the Infringing Goods on Defendants' Website despite Plaintiff's written notices to cease such activities.

58.     Upon information and belief, Defendants had access to works bearing the Shark Mouth Design.

59.     Defendants are not authorized to manufacture, market, promote, or sell products bearing the Shark Mouth Design or any mark or design similar thereto.  Nevertheless, in a deliberate attempt to profit from the goodwill associated with Spray Moret and its intellectual

property, Defendants purposefully sell skateboards bearing a design that is substantially similar to the Shark Mouth Design without authorization.

60.     Upon information and belief, Defendants began to offer for sale the Infringing Goods years after Spray Moret established its rights in the Shark Mouth Design.  Defendants copied the Shark Mouth Design without Spray Moret's authorization, consent, or knowledge, and without any remuneration to Spray Moret.

61.     Upon learning of Defendants' activities, on December 2, 2020, Spray Moret's counsel sent a cease and desist letter to defendant The Kayo Corp. d/b/a DGK objecting to its unauthorized manufacturing, distributing, marketing, offering for sale, and sale of the Infringing Goods.  Attached hereto as **Exhibit I** is a true and correct copy of Spray Moret's counsel's December 2, 2020 cease and desist letter.

62.     On December 23, 2020, Spray Moret's counsel sent a follow-up correspondence via e-mail to defendant The Kayo Corp. d/b/a DGK re-attaching Spray Moret's counsel's December 2, 2020 cease and desist letter and objecting to its *continued* unauthorized manufacturing, distributing, marketing, offering for sale, and sale of the Infringing Goods. Attached hereto as **Exhibit J** is a true and correct copy of Spray Moret's counsel's December 23, 2020 follow-up correspondence.

63.     On December 23, 2020, Spray Moret's counsel sent a cease and desist letter to counsel for Defendants From Nothing LLC and The Kayo Corp. d/b/a DGK objecting to Defendants' unauthorized manufacturing, distributing, marketing, offering for sale, and sale of the Infringing Goods.  Attached hereto as **Exhibit K** is a true and correct copy of Spray Moret's counsel's December 23, 2020 cease and desist letter.  Spray Moret also sent a demand letter concerning the Infringing Goods to one of Defendants' retailers.

64.    In willful disregard of Spray Moret's intellectual property rights, of which Defendants were on actual notice, Defendants continued to market, promote, manufacture, and offer for sale products that infringe Spray Moret's rights and cause consumer confusion.  Such ongoing conduct after receipt of multiple demand letters reflects Defendants' defiance and willful intent to infringe and violate Spray Moret's rights.

III.    **<u>Spray Moret Is Suffering Irreparable Harm</u>**

65.    As a result of Defendants' actions described above, Spray Moret has been directly damaged, and is continuing to be damaged, by the unauthorized manufacture, distribution, marketing, and sale of the Infringing Goods.

66.    Defendants have never accounted to or otherwise paid Spray Moret for use of the Shark Mouth Design or any work or mark similar thereto.

67.    Defendants have undertaken activities in connection with the sale and promotion of products that are likely to cause consumer confusion as to the source or origin of their goods. In particular, consumers are likely to mistakenly believe that Spray Moret is the source of Defendants' Infringing Goods, or at a minimum that Spray Moret is affiliated with, sponsored or has endorsed such products.

68.    The likelihood of confusion, mistake and deception created by Defendants' sale of the Infringing Goods are causing irreparable harm to the goodwill associated with Spray Moret's Shark Mouth Design.

69.    Defendants' acts are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to Spray Moret for which Spray Moret has no adequate remedy at law.

70.     Upon information and belief, Defendants know, and at all relevant times knew, that consumers were likely to believe that Defendants' products bearing copies of the Shark Mouth Design were authorized, sanctioned or licensed by Spray Moret, even though they were not.

71.     Upon information and belief, Defendants undertook the actions described herein with the deliberate intent to create confusion as to the source, sponsorship, and quality of Defendants' products and to dilute the distinctiveness of the Shark Mouth Design.

72.     Upon information and belief, Defendants undertook the actions described herein to mislead consumers into believing that Spray Moret has endorsed, sponsored, or is somehow associated with the Infringing Goods.

73.     Upon information and belief, Defendants adopted the Shark Mouth Design to, at a minimum, call to mind Spray Moret's SPRAYGROUND brand.

74.     Defendants' conduct described herein is intentional, fraudulent, malicious, willful, and wanton.

75.     Defendants' conduct has injured Spray Moret, and if not enjoined, will continue to injure Spray Moret.

76.     Spray Moret will suffer irreparable harm to its business reputation and the goodwill associated with the Shark Mouth Design because it has no control over Defendants' products.

77.     Spray Moret will also suffer irreparable harm because Defendants' use of Spray Moret's mark dilutes the distinctiveness of Spray Moret's trademarks.

78.     Defendants' deceptive conduct is harming the public in addition to harming Spray Moret, the SPRAYGOURND brand, and the strength of the Shark Mouth Design.

**FIRST CLAIM**
**FEDERAL COPYRIGHT INFRINGEMENT**
**OF U.S. COPYRIGHT REGISTRATION NO. VA0002152578**
**U.S. COPYRIGHT ACT**
**17 U.S.C. § 501**

79.    Spray Moret hereby repeats and realleges the foregoing Paragraphs of the Complaint as if fully set forth herein.

80.    The Shark Mouth Design subject to U.S. Copyright Registration No. VA0002152578 is an original work of visual art containing copyrightable subject matter for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101, *et. seq*.

81.    Spray Moret is the exclusive owner of rights under copyright in and to the Shark Mouth Design subject to U.S. Copyright Registration No. VA0002152578.

82.    Spray Moret owns a valid and subsisting copyright registration covering the Shark Mouth Design subject to U.S. Copyright Registration No. VA0002152578, attached as **Exhibit B**.

83.    Through Defendants' conduct alleged herein, including Defendants' distribution, marketing, and sale of the Infringing Goods, which are copied from, derivatives of, and substantially similar to Spray Moret's Shark Mouth Design subject to U.S. Copyright Registration No. VA0002152578, without Spray Moret's permission, Defendants have directly infringed Spray Moret's exclusive rights in the Shark Mouth Design subject to U.S. Copyright Registration No. VA0002152578 in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501.

84.    Upon information and belief, Defendants' infringing conduct alleged herein was and continues to be willful and with full knowledge of Spray Moret's rights in the Shark Mouth Design subject to U.S. Copyright Registration No. VA0002152578 and has enabled Defendants to illegally obtain profit therefrom.

85.    As a direct and proximate result of Defendants' infringing conduct alleged herein, Spray Moret has been harmed and is entitled to damages in an amount to be proven at trial. Pursuant to 17 U.S.C. § 504(b), Spray Moret is also entitled to recovery of Defendants' profits attributable to Defendants' infringing conduct alleged herein, including from any and all sales of the Infringing Goods and products bearing, incorporating, embodying, or constituting derivatives of the Shark Mouth Design subject to U.S. Copyright Registration No. VA0002152578, and an accounting of and a constructive trust with respect to such profits.

86.    Alternatively, Spray Moret is entitled to the maximum statutory damages pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 for each work that Defendants have infringed, and for such other amount as may be proper pursuant to 17 U.S.C. § 504(c).

87.    Spray Moret further is entitled to its attorneys' fees and costs pursuant to 17 U.S.C. § 505.

88.    As a direct and proximate result of the Defendants' infringing conduct alleged herein, Spray Moret has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.  Upon information and belief, unless Defendants' infringing conduct is enjoined by this Court, Defendants will continue to infringe the Shark Mouth Design subject to U.S. Copyright Registration No. VA0002152578. Spray Moret therefore is entitled to preliminary and permanent injunctive relief restraining and enjoining Defendants' ongoing infringing conduct.

## SECOND CLAIM
### FEDERAL COPYRIGHT INFRINGEMENT
### OF U.S. COPYRIGHT REGISTRATION NO. VAU1062142
### U.S. COPYRIGHT ACT
### 17 U.S.C. § 501

89.    Spray Moret hereby repeats and realleges the foregoing Paragraphs of the

Complaint as if fully set forth herein.

90.    The SPRAYGROUND SPRING/SUMMER COLLECTION 2011 Shark Mouth Design subject to U.S. Copyright Registration No. VAU1062142 is an original work of visual art containing copyrightable subject matter for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101, *et. seq*.

91.    Spray Moret is the exclusive owner of rights under copyright in and to the SPRAYGROUND SPRING/SUMMER COLLECTION 2011 Shark Mouth Design.

92.    Spray Moret owns a valid copyright registration covering the SPRAYGROUND SPRING/SUMMER COLLECTION 2011 Shark Mouth Design subject to U.S. Copyright Registration No. VAU1062142, attached as **Exhibit C**.

93.    Through Defendants' conduct alleged herein, including Defendants' distribution, marketing, and sale of the Infringing Goods, which are copied from, derivatives of, and substantially similar to the SPRAYGROUND SPRING/SUMMER COLLECTION 2011 Shark Mouth Design subject to U.S. Copyright Registration No. VAU1062142, without permission, Defendants have directly infringed Spray Moret's exclusive rights in the work of visual art in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501.

94.    Upon information and belief, Defendants' infringing conduct alleged herein was and continues to be willful and with full knowledge of Spray Moret's rights in the SPRAYGROUND SPRING/SUMMER COLLECTION 2011 Shark Mouth Design subject to U.S. Copyright Registration No. VAU1062142, and has enabled Defendants to illegally obtain profit therefrom.

95.    As a direct and proximate result of Defendants' infringing conduct alleged herein, Spray Moret has been harmed and is entitled to damages in an amount to be proven at trial.

96.    Pursuant to 17 U.S.C. § 504(b), Spray Moret is also entitled to recovery of Defendants' profits attributable to Defendants' infringing conduct alleged herein, including from any and all sales of the Infringing Goods and products bearing, incorporating, embodying, or constituting derivatives of the SPRAYGROUND SPRING/SUMMER COLLECTION 2011 Shark Mouth Design subject to U.S. Copyright Registration No. VAU1062142, and an accounting of and a constructive trust with respect to such profits.

97.    Alternatively, Spray Moret is entitled to the maximum statutory damages pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 for each work that Defendants have infringed, and for such other amount as may be proper pursuant to 17 U.S.C. § 504(c).

98.    Spray Moret further is entitled to its attorneys' fees and costs pursuant to 17 U.S.C. § 505.

99.    As a direct and proximate result of the Defendants' infringing conduct alleged herein, Spray Moret has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.

100.    Upon information and belief, unless Defendants' infringing conduct is enjoined by this Court, Defendants will continue to infringe the SPRAYGROUND SPRING/SUMMER COLLECTION 2011 Shark Mouth Design subject to U.S. Copyright Registration No. VAU1062142. Spray Moret therefore is entitled to preliminary and permanent injunctive relief restraining and enjoining Defendants' ongoing infringing conduct.

### THIRD CLAIM
### FEDERAL COPYRIGHT INFRINGEMENT
### OF U.S. COPYRIGHT REGISTRATION NO. VA2124144
### U.S. COPYRIGHT ACT
### 17 U.S.C. § 501

101.    Spray Moret hereby repeats and realleges the foregoing Paragraphs of the

Complaint as if fully set forth herein.

102.    The Sharks In Paris Shark Mouth Design subject to U.S. Copyright Registration No. VA2124144 is an original work of visual art containing copyrightable subject matter for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101, *et. seq*.

103.    Spray Moret is the exclusive owner of rights under copyright in and to the Sharks In Paris Shark Mouth Design.

104.    Spray Moret owns a valid copyright registration covering the Sharks In Paris Shark Mouth Design subject to U.S. Copyright Registration No. VA2124144, attached as **Exhibit D**.

105.    Through Defendants' conduct alleged herein, including Defendants' distribution, marketing, and sale of the Infringing Goods, which are copied from, derivatives of, and substantially similar to the Sharks In Paris Shark Mouth Design subject to U.S. Copyright Registration No. VA2124144, without permission, Defendants have directly infringed Spray Moret's exclusive rights in the work of visual art in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501.

106.    Upon information and belief, Defendants' infringing conduct alleged herein was and continues to be willful and with full knowledge of Spray Moret's rights in the Sharks In Paris Shark Mouth Design subject to U.S. Copyright Registration No. VA2124144, and has enabled Defendants to illegally obtain profit therefrom.

107.    As a direct and proximate result of Defendants' infringing conduct alleged herein, Spray Moret has been harmed and is entitled to damages in an amount to be proven at trial.

108.    Pursuant to 17 U.S.C. § 504(b), Spray Moret is also entitled to recovery of Defendants' profits attributable to Defendants' infringing conduct alleged herein, including from

any and all sales of the Infringing Goods and products bearing, incorporating, embodying, or constituting derivatives of the Sharks In Paris Shark Mouth Design subject to U.S. Copyright Registration No. VA2124144, and an accounting of and a constructive trust with respect to such profits.

109.    Alternatively, Spray Moret is entitled to the maximum statutory damages pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 for each work that Defendants have infringed, and for such other amount as may be proper pursuant to 17 U.S.C. § 504(c).

110.    Spray Moret further is entitled to its attorneys' fees and costs pursuant to 17 U.S.C. § 505.

111.    As a direct and proximate result of the Defendants' infringing conduct alleged herein, Spray Moret has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.

112.    Upon information and belief, unless Defendants' infringing conduct is enjoined by this Court, Defendants will continue to infringe the Sharks In Paris Shark Mouth Design subject to U.S. Copyright Registration No. VA2124144.  Spray Moret therefore is entitled to preliminary and permanent injunctive relief restraining and enjoining Defendants' ongoing infringing conduct.

### FOURTH CLAIM
### FEDERAL COPYRIGHT INFRINGEMENT
### OF U.S. COPYRIGHT REGISTRATION NO. VAU1337331
### U.S. COPYRIGHT ACT
### 17 U.S.C. § 501

113.    Spray Moret hereby repeats and realleges the foregoing Paragraphs of the Complaint as if fully set forth herein.

114.    The Back to School 2018 Part 2 Shark Mouth Designs subject to U.S. Copyright

Registration No. VAU1337331 are original works of visual art containing copyrightable subject matter for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101, *et. seq*.

115. Spray Moret is the exclusive owner of rights under copyright in and to the Back to School 2018 Part 2 Shark Mouth Designs.

116. Spray Moret owns a valid copyright registration covering the Back to School 2018 Part 2 Shark Mouth Designs subject to U.S. Copyright Registration No. VAU1337331, attached as **Exhibit E**.

117. Through Defendants' conduct alleged herein, including Defendants' distribution, marketing, and sale of the Infringing Goods, which are copied from, derivatives of, and substantially similar to the Back to School 2018 Part 2 Shark Mouth Designs subject to U.S. Copyright Registration No. VAU1337331, without permission, Defendants have directly infringed Spray Moret's exclusive rights in the works of visual art in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501.

118. Upon information and belief, Defendants' infringing conduct alleged herein was and continues to be willful and with full knowledge of Spray Moret's rights in the Back to School 2018 Part 2 Shark Mouth Designs subject to U.S. Copyright Registration No. VAU1337331, and has enabled Defendants to illegally obtain profit therefrom.

119. As a direct and proximate result of Defendants' infringing conduct alleged herein, Spray Moret has been harmed and is entitled to damages in an amount to be proven at trial.

120. Pursuant to 17 U.S.C. § 504(b), Spray Moret is also entitled to recovery of Defendants' profits attributable to Defendants' infringing conduct alleged herein, including from any and all sales of the Infringing Goods and products bearing, incorporating, embodying, or constituting derivatives of the Back to School 2018 Part 2 Shark Mouth Designs subject to U.S.

Copyright Registration No. VAU1337331, and an accounting of and a constructive trust with respect to such profits.

121.    Alternatively, Spray Moret is entitled to the maximum statutory damages pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 for each work that Defendants have infringed, and for such other amount as may be proper pursuant to 17 U.S.C. § 504(c).

122.    Spray Moret further is entitled to its attorneys' fees and costs pursuant to 17 U.S.C. § 505.

123.    As a direct and proximate result of the Defendants' infringing conduct alleged herein, Spray Moret has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.

124.    Upon information and belief, unless Defendants' infringing conduct is enjoined by this Court, Defendants will continue to infringe the Back to School 2018 Part 2 Shark Mouth Designs subject to U.S. Copyright Registration No. VAU1337331. Spray Moret therefore is entitled to preliminary and permanent injunctive relief restraining and enjoining Defendants' ongoing infringing conduct.

**FIFTH CLAIM**
**FEDERAL COPYRIGHT INFRINGEMENT**
**OF U.S. COPYRIGHT REGISTRATION NO. VA1859696**
**U.S. COPYRIGHT ACT**
**17 U.S.C. § 501**

125.    Spray Moret hereby repeats and realleges the foregoing Paragraphs of the Complaint as if fully set forth herein.

126.    The Sprayground Summer 2013 Collection Shark Mouth Designs subject to U.S. Copyright Registration No. VA1859696 are original works of visual art containing copyrightable subject matter for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101, *et.*

*seq.*

127.    Spray Moret is the exclusive owner of rights under copyright in and to the Sprayground Summer 2013 Collection Shark Mouth Designs.

128.    Spray Moret owns a valid copyright registration covering the Sprayground Summer 2013 Collection Shark Mouth Designs subject to U.S. Copyright Registration No. VA1859696, attached as **Exhibit F**.

129.    Through Defendants' conduct alleged herein, including Defendants' distribution, marketing, and sale of the Infringing Goods, which are copied from, derivatives of, and substantially similar to the Sprayground Summer 2013 Collection Shark Mouth Designs subject to U.S. Copyright Registration No. VA1859696, without permission, Defendants have directly infringed Spray Moret's exclusive rights in the works of visual art in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501.

130.    Upon information and belief, Defendants' infringing conduct alleged herein was and continues to be willful and with full knowledge of Spray Moret's rights in the Sprayground Summer 2013 Collection Shark Mouth Designs subject to U.S. Copyright Registration No. VA1859696, and has enabled Defendants to illegally obtain profit therefrom.

131.    As a direct and proximate result of Defendants' infringing conduct alleged herein, Spray Moret has been harmed and is entitled to damages in an amount to be proven at trial.

132.    Pursuant to 17 U.S.C. § 504(b), Spray Moret is also entitled to recovery of Defendants' profits attributable to Defendants' infringing conduct alleged herein, including from any and all sales of the Infringing Goods and products bearing, incorporating, embodying, or constituting derivatives of the Sprayground Summer 2013 Collection Shark Mouth Designs subject to U.S. Copyright Registration No. VA1859696, and an accounting of and a constructive

trust with respect to such profits.

133.    Alternatively, Spray Moret is entitled to the maximum statutory damages pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 for each work that Defendants have infringed, and for such other amount as may be proper pursuant to 17 U.S.C. § 504(c).

134.    Spray Moret further is entitled to its attorneys' fees and costs pursuant to 17 U.S.C. § 505.

135.    As a direct and proximate result of the Defendants' infringing conduct alleged herein, Spray Moret has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.

136.    Upon information and belief, unless Defendants' infringing conduct is enjoined by this Court, Defendants will continue to infringe the Sprayground Summer 2013 Collection Shark Mouth Designs subject to U.S. Copyright Registration No. VA1859696.  Spray Moret therefore is entitled to preliminary and permanent injunctive relief restraining and enjoining Defendants' ongoing infringing conduct.

**SIXTH CLAIM**
**FEDERAL TRADEMARK INFRINGEMENT**
**15 U.S.C. § 1114**

137.    Spray Moret hereby repeats and realleges the foregoing Paragraphs of the Complaint as if fully set forth herein.

138.    Spray Moret owns all right, title and interest in and to the marks depicting the Shark Mouth Design.

139.    Spray Moret owns U.S. trademark registrations for the Shark Mouth Design, including U.S. Reg. Nos. 4,781,961; 5,536,183; 5,787,975; 5,787,974; and 5,786,776.

140.    Defendants have used in commerce, without Spray Moret's permission, a virtually

identical copy of the Shark Mouth Design in a manner that is likely to cause confusion or mistake or deceive purchasers as to the source of Defendants' goods and/or cause consumers to mistakenly believe that there is an affiliation, connection, approval, sponsorship, or association of Spray Moret and/or its goods and commercial activities, on the one hand, with Defendants and/or their respective goods or commercial activities, on the other hand.

141.    Defendants use a shark mouth design that is virtually identical in style and color to the Shark Mouth Design in connection with goods that are similar, identical, and/or closely related to those offered for sale by Spray Moret.

142.    Defendants' acts constitute infringement of the trademarks depicting the Shark Mouth Design under 15 U.S.C. § 1114.

143.    As a direct and proximate result of Defendants' wrongful acts, Spray Moret has suffered and continues to suffer and/or is likely to suffer damage to its trademarks, business reputation, and goodwill.  Defendants will continue to use, unless restrained, Spray Moret's marks or marks confusingly similar thereto and will cause irreparable damage to Spray Moret. Spray Moret has no adequate remedy at law and is entitled to an injunction restraining Defendants, their respective officers, agents, and employees, and all persons acting in concert with Defendants, from engaging in further acts of infringement.

144.    Spray Moret is further entitled to recover from Defendants the actual damages that it has sustained and/or is likely to sustain as a result of Defendants' wrongful acts.

145.    Spray Moret is further entitled to recover from Defendants the gains, profits and advantages that Defendants have obtained as a result of their wrongful acts.

146.    Because of the willful nature of Defendants' wrongful acts, Spray Moret is entitled to an award of exemplary damages under the common law, and treble damages and increased profits under 15 U.S.C. § 1117.

## SEVENTH CLAIM
## FEDERAL UNFAIR COMPETITION
## 15 U.S.C. § 1125(A)

147.    Spray Moret hereby repeats and realleges the foregoing Paragraphs of the Complaint as if fully set forth herein.

148.    Spray Moret owns all right, title and interest in and to the Shark Mouth Design marks.

149.    Defendants have used in commerce marks that are substantially similar to the Shark Mouth Design on Defendants' infringing skateboards.

150.    Defendants' unlawful acts in appropriating rights in the Shark Mouth Design are and were intended to capitalize on Spray Moret's goodwill for Defendants' own pecuniary gain.

151.    Defendants' unauthorized use of the Shark Mouth Design has caused and is likely to cause confusion as to the source of Defendants' products, all to the detriment of Spray Moret.

152.    Defendants' conduct as alleged herein, including their unauthorized use of the Shark Mouth Design on skateboards, constitutes a false designation of origin as such conduct is likely to cause confusion and/or to deceive users and consumers as to the origin, sponsorship, affiliation, connection, and/or association of Spray Moret with Defendants' goods.

153.    Defendants use a shark mouth design that is virtually identical in style and color to the Shark Mouth Design in connection with goods that are similar, identical, and/or closely related to those offered for sale by Spray Moret.

154.    Defendants' products bearing virtually identical copies of the Shark Mouth Design are calculated and intended to deceive and are likely to deceive consumers into believing that they are Spray Moret's products and/or Spray Moret is associated with the Infringing Goods.

155.    Defendants are capitalizing on and profiting from the likely consumer confusion between their Infringing Goods that substantially copy the Shark Mouth Design, on the one hand, and Spray Moret's authentic products bearing the Shark Mouth Design, on the other hand.

156.    Spray Moret does not now and has never sponsored, approved, or authorized Defendants' use of the Shark Mouth Design, any mark similar thereto, or other intellectual property.

157.    Defendants' conduct is willful and deliberate and done with the intent to unfairly commercially benefit from the goodwill associated with Spray Moret and Spray Moret's brand and trademarks.

158.    The foregoing acts of Defendants constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

159.    Defendants' unfair competition has caused and is causing great and irreparable harm and damage to Spray Moret, and unless permanently restrained and enjoined by this Court, such irreparable harm will continue.

160.    As a direct and proximate result of Defendants' wrongful acts, Spray Moret has suffered and continues to suffer and/or is likely to suffer damage to its trademarks, business reputation, and goodwill.  Defendants will continue to use, unless restrained, Spray Moret's marks, and/or marks confusingly similar thereto, and Defendants will cause irreparable damage to Spray Moret.  Spray Moret has no adequate remedy at law and is entitled to an injunction

restraining Defendants, their respective officers, agents, and employees, and all persons acting in concert with Defendants, from engaging in further acts of infringement and unfair competition.

161.    Spray Moret is further entitled to recover from Defendants the actual damages that it sustained and/or is likely to sustain as a result of Defendants' wrongful acts.

162.    Spray Moret is further entitled to recover from Defendants the gains, profits and advantages that Defendants have obtained as a result of their wrongful acts.

163.    Because of the willful nature of Defendants' wrongful acts, Spray Moret is entitled to an award of exemplary damages under the common law, and treble damages and increased profits under 15 U.S.C. § 1117.

## EIGHTH CLAIM
## COMMON LAW UNFAIR COMPETITION

164.    Spray Moret hereby repeats and realleges the foregoing Paragraphs of the Complaint as if fully set forth herein.

165.    Spray Moret owns all right, title and interest in and to the Shark Mouth Design mark.

166.    Consumers identify the Shark Mouth Design exclusively with Spray Moret.

167.    Spray Moret has expended substantial time, resources and effort to develop and obtain a strong reputation in the marketplace and enormous goodwill in the Shark Mouth Design.

168.    Defendants have infringed the Shark Mouth Design by using virtually identical copies of the Shark Mouth Design without authorization.  Defendants' unlawful acts are intended to capitalize on Spray Moret's goodwill for Defendants' own pecuniary gain.

169.    Defendants' use of virtually identical copies of the Shark Mouth Design is calculated to and is likely to create confusion and to deceive and mislead consumers into believing that Defendants' products originate with or are authorized by Spray Moret, and is

likely to cause confusion as to the source of Defendants' products, all to the detriment of Spray Moret.

170.    Defendants' acts as alleged herein constitute unfair competition and will, unless enjoined by the Court, continue to result in harm to the goodwill associated with Spray Moret.

171.    Upon information and belief, Defendants committed the acts alleged herein willfully and with the intent to confuse the public and to injure Spray Moret.

172.    The acts of Defendants have caused and are causing great and irreparable harm and damage to Spray Moret, and unless permanently restrained and enjoined by this Court, such irreparable harm will continue.

173.    As a direct and proximate result of Defendants' actions as stated herein, Spray Moret has suffered damage to its reputation and damage to the goodwill of the Shark Mouth Design.   Further, Spray Moret is entitled to exemplary damages as a result of Defendants' malicious actions as described above.

## PRAYER FOR RELIEF

**WHEREFORE,** Spray Moret respectfully requests judgment against Defendants, and their respective partners, agents, and employees, and any and all persons in active concert or participation with Defendants, and each of their heirs, executors, administrators, successors, licensees, assigns, subsidiaries, parents, affiliates, divisions, co-venturers, partners, officers, directors, employees, agents, shareholders, managers, representatives, consultants and any and all other persons, corporations or other entities acting under the supervision, direction, control or on behalf of any of the foregoing as follows:

1.    Preliminarily and permanently enjoining Defendants, and their respective partners, agents, and employees, and any and all other persons in active concert or participation with

Defendants, and each of their heirs, executors, administrators, successors, licensees, assigns, subsidiaries, parents, affiliates, divisions, co-venturers, partners, officers, directors, employees, agents, shareholders, managers, representatives, consultants and any and all other persons, corporations or other entities acting under the supervision, direction, control or on behalf of any of the foregoing from (a) engaging in the manufacturing, marketing, promotion, offering, rendering, sale or other use in commerce of any products bearing any of Spray Moret's intellectual property, including the Shark Mouth Design, or any other confusingly similar works or marks, in any manner that may cause confusion or mistake or may deceive the public into believing that such products originate with Spray Moret or that there is any affiliation or connection with Spray Moret, and from otherwise competing unfairly with Spray Moret, or otherwise creating any derivative works based on the Shark Mouth Design; (b) assisting, aiding or abetting any other person or entity in the manufacturing, marketing, promotion, offering, rendering, sale or other use in commerce of any products bearing any of Spray Moret's intellectual property, including the Shark Mouth Design, or any other confusingly similar works or marks; (c) using any of Spray Moret's trademarks, including the Shark Mouth Design, or any other confusingly similar marks; (d) using any of Spray Moret's intellectual property in any manner that may cause confusion or mistake or may deceive the public into believing that any of Defendants' products originate with Spray Moret or that there is any affiliation or connection between Spray Moret, on the one side, and Defendants, on the other side, and from otherwise competing unfairly with Spray Moret; (e) using any mark in a manner so as to dilute the distinctiveness of the Shark Mouth Design; and (f) representing by any means whatsoever, directly or indirectly, or doing any other acts or things calculated or likely to cause confusion, mistake or to deceive the public into believing that any of Defendants' goods or services, or

websites or stores originate with Spray Moret or that there is any affiliation or connection between Spray Moret and Defendants, and from otherwise competing unfairly with Spray Moret;

2.    Awarding all remedies afforded by the Copyright Act, including preliminary and permanent injunctive relief, Spray Moret's damages and Defendants' profits from Defendants' willfully infringing conduct, and other monetary relief;

3.    Entering an order that Defendants have violated Sections 501 of the Copyright Act (17 U.S.C. § 501) by infringing the copyrights subject to U.S Copyright Registration Nos. VA0002152578; VAU1062142; VA2124144; VAU1337331; and VA1859696.

4.    Ordering Defendants to destroy or deliver up for destruction all materials in Defendants' possession, custody, or control used by Defendants in connection with Defendants' infringing conduct, including without limitation all remaining inventory of the Infringing Goods and any products and works that embody any reproduction or other copy or colorable imitation of the Shark Mouth Design, as well as all means for manufacturing them;

5.    Ordering Defendants, at their own expense, to recall the Infringing Goods from any distributors, retailers, vendors, or others that have distributed the Infringing Goods on Defendants' behalf, and any products, works or other materials that include, copy, are derived from, or otherwise embody the Infringing Goods or the Shark Mouth Design, and that Defendants be ordered to destroy or deliver up for destruction all materials returned to it;

6.    Awarding Spray Moret damages in amounts pertaining to each claim to be determined at trial, including compensatory, statutory damages, and exemplary damages;

7.    Awarding an accounting to Spray Moret for the gains and profits of the Defendants attributable to Defendants' infringing conduct, including Defendants' profits from sales of the Infringing Goods and any products, works, or other materials that include, copy, are

derived from, or otherwise embody the Shark Mouth Design, and for the damages sustained by Spray Moret as a result of the willful, intentional and wrongful conduct of Defendants;

8.      Awarding Spray Moret treble damages on account of the willful nature of the Defendants' infringing acts for an amount to be determined at trial;

9.      Awarding Spray Moret, should Spray Moret so elect, statutory damages pursuant to 17 U.S.C. § 504(c) instead of actual damages or profits;

10.     Requiring Defendants to pay Spray Moret its costs and expenses in this action, including attorneys' fees and costs, including pursuant to 17 U.S.C. § 505;

11.     Awarding Spray Moret interest, including pre-judgment and post-judgment interest, on the foregoing sums; and

12.     Granting Spray Moret such other and further relief as the Court deems just and proper.

Dated:  New York, New York
        January 20, 2021

                                        Respectfully submitted,

                                        PRYOR CASHMAN LLP

                                        _____
                                        Brad D. Rose
                                        Dyan Finguerra-DuCharme
                                        Ryan S. Klarberg
                                        7 Times Square
                                        New York, New York 10036
                                        Telephone: (212) 421-4100
                                        Fax: (212) 326-0806
                                        brose@pryorcashman.com
                                        dfinguerra-ducharme@pryorcashman.com
                                        rklarberg@pryorcashman.com

                                        *Attorneys for Plaintiff Spray Moret, LLC*